DOWNEY, Judge.
The parties to this dissolution proceeding were married for twenty-one years and produced four children, two of whom are still minors. By choice of both parties, the wife was a mother and homemaker, while the husband was a businessman. As a result of their efforts, they jointly owned a home valued at between $160,000 and $170,000 and a parcel of commercial property, which was leased to a Chinese restaurant operation. That property was valued at over $350,000, based upon an offer to purchase. The monthly rental therefrom was $3,500 per month. The husband also owned a restaurant, which he operated on property that he leased. The wife estimated its value to be $125,000, although she was not familiar with its outstanding liabilities. The husband’s financial affidavit stated the restaurant had no value. The home was encumbered by three mortgages of $65,000, $29,-000 and $7,555. The commercial property was encumbered by two mortgages of $65,-000 and $48,000. In addition, the husband was indebted to his mother for $20,000 that he had borrowed to start his restaurant. At oral argument we were advised by counsel that the restaurant had been closed and the home had been sold for $164,000.
The final judgment awarded the wife custody of the two minors, temporary possession of the home, no child support, and. the commercial property as lump sum alimony. The thrust of appellant’s argument on appeal concerns the award of his interest in the commercial property to the wife. Appellee defends this judicial action on the ground that lump sum alimony was justified because the husband could not pay permanent periodic alimony. We would concede that he certainly could not after the judgment gave the wife the commercial property from which the parties received their main income of $3500 in rent.
In view of the length of the marriage, the age of the parties and the wife’s limited employment skills, it appears to us that permanent periodic alimony rather than a lump sum alimony of the commercial property should have been awarded. This holding requires the trial court to refashion the final judgment to accommodate the needs of the parties. Accordingly, the trial court is authorized to reconsider the record and any further necessary proof in order to determine the actual value of the husband’s restaurant or any other pertinent issue and to make a just and equitable disposition of the matter.
The judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED with directions.
LETTS, C.J., and LEE, J. CAIL, Associate Judge, concur.